**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**RAMIC ELDIN,**

                              **Plaintiff,**

        **vs.**                                        **6:15-cv-440**
                                                       **(MAD/ATB)**

**VELDIN BARBER and UTICA POLICE,**

                              **Defendants.**
_____

**APPEARANCES:**                          **OF COUNSEL:**

**RAMIC ELDIN**
727 Mary Street
Utica, New York 13501
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff commenced this civil rights action *pro se* on April 13, 2015 pursuant to 42 U.S.C.

§ 1983.  *See* Dkt. No. 1.  In an Order and Report-Recommendation dated April 20, 2015,

Magistrate Judge Andrew T. Baxter granted Plaintiff's *in forma pauperis* ("IFP") application for

purposes of filing only and recommended that Plaintiff's complaint be dismissed for failure to

state a claim and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).  *See* Dkt. No. 5.

Presently before the Court are Plaintiff's objections to Magistrate Baxter's Order and Report-

Recommendation.  *See* Dkt. No. 6.

### II. BACKGROUND

As Magistrate Judge Baxter noted in his Order and Report-Recommendation, Plaintiff's

complaint is difficult to read and does not request any relief.  *See* Dkt. No. 5 at 3.  Plaintiff's

complaint is on a form designated for civil rights complaints pursuant to 42 U.S.C. § 1983. *See*

Dkt. No. 1. Plaintiff generally alleges that he has been a victim of torture by "psychotronic

weapons" and "microwaving" for the past fifteen years. *See id.* at 4.[1] Plaintiff names two

defendants: Veldin Barber and Police. *See id.* at 1. Based on the addresses provided by Plaintiff,

it appears that Plaintiff is referring to the Veldin Barber Shop in Utica, New York, and the Utica

Police Department. As set forth in Magistrate Judge Baxter's Order and Report-

Recommendation, Plaintiff appears to allege that someone at the Veldin Barber Shop implanted

surveillance equipment into his head, thereby initiating Plaintiff's alleged mental torture and mind

surveillance. *See* Dkt. No. 5 at 3.[2] In addition, Plaintiff attached a request to his complaint to

reopen case number 6:04-CV-241. *See* Dkt. No. 1-1 at 1.

In his Order and Report-Recommendation, Magistrate Judge Baxter granted Plaintiff's IFP

application for purposes of filing only. *See* Dkt. No. 5 at 1. Turning to his review of the

sufficiency of the allegations set forth in Plaintiff's complaint pursuant to 28 U.S.C. § 1915,

Magistrate Judge Baxter first determined that Plaintiff failed to state a section 1983 claim against

the Veldin Barber Shop because Plaintiff did not allege that any individual at the barber shop

acted under color of state law. *See id.* at 8-9. Magistrate Judge Baxter then found that Plaintiff's

claim against the Utica Police Department failed because the department does not have a legal

identity separate from the City of Utica and cannot be sued. *See id.* at 9-10. Magistrate Judge

---

[1] According to the attachments to Plaintiff's objections, "microwaving" appears to be a term for the use of microwave radiation to interfere with an individual's central nervous system, which Plaintiff's literature claims "interferes with decision making capacity [and] causes chronic stress and low efficiency." Dkt. No. 6 at 114. Plaintiff's literature describes "psychotronics" as "manipulating brain activity to achieve physiological outcomes." Dkt. No. 6-1 at 1.

[2] For a more extensive summary of Plaintiff's factual claims, the Court refers to Magistrate Judge Baxter's Order and Report-Recommendation. *See* Dkt. No. 5 at 3-6.

Baxter further concluded that substituting the City of Utica for the "Police" would be futile because Plaintiff alleged no facts that would establish municipal liability. *See id.* at 10-13. Magistrate Judge Baxter then recommended that Plaintiff's complaint be dismissed without leave to amend because amendment would be futile. *See id.* at 13-14. Magistrate Judge Baxter also denied Plaintiff's motion for appointment of counsel after concluding that Plaintiff's claims do not seem likely to be of substance. *See id.* at 14-15.

On April 27, 2015, Plaintiff filed a 260-page document labeled "Objection to Report." *See* Dkt. No. 6. Plaintiff's filing includes thirty-nine handwritten pages, which contain disjointed and often illegible statements that largely describe Plaintiff's alleged mental torture over a period of thirteen years. *See id.* at 2-40. To the extent that the Court can decipher Plaintiff's allegations, Plaintiff references the use of "voice prints" to send Plaintiff's brain negative messages regarding Plaintiff and his family, the implantation of various disturbing mental images in Plaintiff's brain, mental threats, and various negative consequences suffered by Plaintiff, including failure in school, the loss of various jobs, and depression. *See id.* Plaintiff also appears to allege that a particular mental attack caused his body to fail and that he spent time in a hospital as a result of this attack. *See id.* at 16-20. Plaintiff's objections do not discuss Magistrate Judge Baxter's Order and Report-Recommendation, assert any legal theories, or identify any individuals or entities responsible for the alleged mental attacks on Plaintiff.

### III. DISCUSSION

A.    **Standard of Review**

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However,

when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

When a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In making this determination, "the court has the duty to show liberality towards *pro se* litigants," however, "there is a responsibility on the court to determine that a claim has some arguable basis in law before permitting a plaintiff to proceed with an action in forma pauperis." *Moreman v. Douglas*, 848 F. Supp. 332, 333-34 (N.D.N.Y. 1994) (internal citations omitted). "[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted).

**B. 42 U.S.C. § 1983**

*1. Action under color of state law*

"To prevail on a claim under 42 U.S.C. § 1983, a plaintiff must allege (1) 'that some person has deprived him of a federal right,' and (2) 'that the person who has deprived him of that right acted under color of state . . . law.'" *Velez v. Levy*, 401 F.3d 75, 84 (2d Cir. 2005) (quoting *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)). A defendant acts under color of state law when he

4

or she "ha[s] exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 59 (1988) (quotation omitted). "A private individual acts under color of law within the meaning of section 1983 when he acts together with state officials or with significant state aid." *Kadic v. Karadzic*, 70 F.3d 232, 245 (2d Cir. 1995). "Conduct that is ostensibly private can be fairly attributed to the state only if there is 'such a "close nexus between the State and the challenged action" that seemingly private behavior "may be fairly treated as that of the State itself."'" *Tancredi v. Metro. Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir. 2003) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)).

As Magistrate Judge Baxter explained in his Order and Report-Recommendation, Plaintiff has not alleged any facts that implicate any specific individual at the Veldin Barber Shop in the alleged violation of Plaintiff's constitutional rights. *See* Dkt. No. 5 at 8-9. Even if the attachments to Plaintiff's complaint can be read as alleging that the father of the current owner of the Veldin Barber Shop violated Plaintiff's rights by implanting a microchip behind Plaintiff's ear, *see* Dkt. No. 1-1 at 2, Plaintiff has not alleged any nexus between that individual's action and the State. Thus, Plaintiff has alleged no facts suggesting that the individuals at the Veldin Barber Shop acted under color of state law. Plaintiff's objections do not address this defect in Plaintiff's complaint, nor even mention the Veldin Barber Shop or any of its employees. Accordingly, the Court finds that Magistrate Judge Baxter correctly determined that Plaintiff's complaint must be dismissed as against "Veldin Barber" for failure to state a claim under 42 U.S.C. § 1983.

### *2. Municipal liability*

As Magistrate Judge Baxter set forth in his Order and Report-Recommendation, the Utica Police Department is an administrative arm of the City of Utica and therefore cannot be sued. *See*

Dkt. No. 5 at 9-10. Furthermore, a municipality may only be sued under § 1983 "when execution of [the municipality's] policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978). Thus, municipalities "are not vicariously liable under § 1983 for their employees' actions." *Connick v. Thompson*, __ U.S. __, 131 S. Ct. 1350, 1359 (2011). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Id.*

Magistrate Judge Baxter correctly found that Plaintiff's allegations do not include any facts indicating that an alleged deprivation of Plaintiff's constitutional rights occurred pursuant to an official municipal policy of the City of Utica. Again, Plaintiff's objections do not address this conclusion. The only reference to the Utica Police Department in Plaintiff's objections and corresponding attachments is an article which discusses an Officer of the Year award presented to Officers George DeAngelo and Mark Rahn and an Award of Commendation awarded to Sargent Anthony Martino in April 2012. *See* Dkt. No. 6 at 46-47. Plaintiff does not explain what purpose this article serves or how it relates to his claims. Plaintiff's allegations are plainly insufficient to support a claim that a member of the Utica Police Department deprived him of his constitutional rights, let alone that any such deprivation was pursuant to an official policy.

In addition, to the extent that Plaintiff's filings allege that the Utica Police Department performed unlawful surveillance on him, *see* Dkt. No. 1-1 at 7-8, Magistrate Judge Baxter correctly determined that Plaintiff's claims are barred as Plaintiff presented these allegations to Judge Hurd in a prior action in which Judge Hurd dismissed Plaintiff's complaint for failure to state a claim under section 1983, *see* Dkt. No. 5 at 12; *see also Ramic v. LB Security Service*, No.

04-cv-00241, Dkt. No. 5 (alleging the same facts pertaining to Plaintiff's January 31, 2004 interaction with the Utica Police Department as alleged in the attachments to Plaintiff's instant complaint); *Ramic*, No. 04-cv-00241, Dkt. No. 8 at 3 (dismissing Plaintiff's § 1983 claims as against the Utica Police Department). Plaintiff filed a motion to reopen his case against, *inter alia*, the Utica Police Department on April 6, 2015, which Judge Hurd denied. *Ramic*, No. 04-cv-00241, Dkt. No. 22, 23. Plaintiff's attempt to circumvent Judge Hurd's decision by refiling his allegations and request to reopen his prior case under the guise of a new complaint is unavailing.

## C.     Leave to Amend

Magistrate Judge Baxter concluded that Plaintiff's factual contentions are "'clearly baseless,'" such that any attempt to amend his complaint would be futile. *See* Dkt. No. 5 at 14 (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The Court agrees. *See Neitzke*, 490 U.S. at 327 ("Examples of [clearly baseless factual contentions] are claims describing fantastical or delusional scenarios, claims with which federal district judges are all too familiar."). As such, the Court will not grant Plaintiff leave to amend.

## IV. CONCLUSION

After carefully reviewing Magistrate Judge Baxter's Order and Report-Recommendation, Plaintiff's submissions, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Baxter's April 20, 2015 Order and Report-Recommendation (Dkt. No. 5) is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED with prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close

this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision

and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 22, 2015
        Albany, New York

Mae A. D'Agostino
U.S. District Judge